# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MELISSA BETH PINE | : | CIVIL ACTION |
|---|---|---|
| v. | : | NO. 20-527 |
| DEPARTMENT OF EDUCATION, *et al.* | : | |

# MEMORANDUM

**KEARNEY, J.**   **February 4, 2020**

Congress permits the Department of Education to garnish wages to collect defaulted federal student loans. Before garnishing wages, the Department must provide, among other things, notice of possible garnishment and an opportunity for a hearing. We today address a *pro se* claim the Department, and two collection agencies, are garnishing a woman's wages for allegedly defaulted student loans. She claims these are not her loans. She alleges immediate harm due to lost wages. She pleads the Department never provided her notice. She sought to proceed *in forma pauperis* and, following review of her financial affidavit, we allowed her to proceed without paying the filing fees. Congress, in 28 U.S.C. § 1915(e)(2)(B)(ii), requires we evaluate the merits of the case proceeding without payment of fees before directing service of the complaint by the U.S. Marshal. Following review of her allegations of lack of notice for loans she alleges are not hers, we will allow her to proceed with the U.S. Marshal serving the Department and co-defendant collection agencies and then addressing her claims on an expedited basis once we hear from the Department and collection agencies.

**I.** *Pro se* **plead facts**[1]

Melissa Beth Pine sues the United States Department of Education and debt collecting agencies Reliant Capitol Solutions[2] and People Solutions alleging the Department failed to notify

her before garnishing her wages for an alleged default on a federal student loan.[3] She alleges the claim is fraudulent since "the loans aren't mine."[4]

According to documents attached to Ms. Pine's Complaint, Ms. Pine requested $12,000 in federal Stafford loans on June 27, 1995 to pay for her education at Drexel University.[5] She "promise[d] to pay to the lender, or a subsequent holder of th[e] Promissory Note, all sums disbursed under the terms of th[e] Note, plus interest and other fees which may become due as provided in th[e] Note."[6]

On April 17, 2019, the United States Department of the Treasury sent Ms. Pine a letter notifying it "applied all or part" of her $959.00 tax return to delinquent debt owed to the Department of Education.[7] The Treasury counselled in the letter: "If you agree with that you owe the debt, you do not need to do anything. Your debt balance has been reduced. If you believe that your payment was applied in error . . . contact the agency listed [above]."[8]

Late in 2019, it appears the Department of Education (possibly acting through debt collecting agencies) began to garnish payments from Ms. Pine's paychecks at her job with Transamerica Life Insurance Company.[9] For pay period October 19 through November 1, 2019, Ms. Pine grossed $237.59 but did not receive payment because of employee taxes, including $154.85 in "Federal Withholding."[10] For pay period December 14 through December 27, 2019, Ms. Pine had $109.50 deducted from her $821.38 paycheck for "Student Loan."[11] For pay period December 28, 2019 through January 10, 2020, Ms. Pine had $80.72 deducted from her $597.16 paycheck for "Student Loan."[12] Ms. Pine requests a temporary restraining order to cease further wage garnishment and an immediate refund of paycheck proceeds and tax returns withheld or deducted to pay student loans.

2

## II. Analysis

Having previously granted Ms. Pine leave to proceed *in forma pauperis* as she is incapable of paying the fees to commence this civil action, we must study the sufficiency of her complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) to determine whether Ms. Pine pleads "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[13] We find, at this preliminary stage, Ms. Pine may proceed.

Ms. Pine bases her claims on improper garnishment of her wages. Congress, through enacting the Higher Education Act (20 U.S.C. § 1070 *et seq.*), permits the Department of Education or a loan holder to garnish the wages of an individual who has stopped repaying federal student loan debt.[14] Section 1095a of the Higher Education Act allows the Department or a loan holder to order an employer to withhold up to fifteen percent of a debtor's disposable pay to collect defaulted federal student loan debt without a court order.[15] But before the Department or loan holder garnishes the debtor's wages, the debtor has the right to: (1) notice of potential garnishment; (2) opportunity to enter a written agreement with the Department of Education; and, (3) opportunity for a hearing to present evidence.[16] Ms. Pine claims she did not receive notice of the potential garnishment precluding her opportunity to enter an agreement or request a hearing.

While courts consistently find a debtor may not sue under Section 1095a,[17] courts interpret debtors' improper wage garnishment claims as potentially arising under the Administrative Procedure Act (5 U.S.C. §§ 701 *et seq.*).[18] The "Administrative Procedure Act, 5 U.S.C. §§ 701–706, contains a waiver of sovereign immunity"[19] to allow a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by an agency action" to sue in federal court.[20]

Ms. Pine alleges the Department of Education and private collection agencies failed to notify her before garnishing her wages as required by Section 1095a. She alleges the loans are not

3

her obligation. Ms. Pine pleads enough to preclude *sua sponte* dismissal of her Complaint under Congress's mandated screening of *in forma pauperis* cases. We allow her the opportunity to assert these claims against the named Defendants.[21] Defendants may assert defenses to her claims once served, and we will further inspect the sufficiency of her claims once Defendants respond.

## III. Conclusion

Ms. Pine pleads facts precluding a *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). We allow her to serve the Defendants and move for further relief after the U.S. Marshal serves the Defendants.

---

[1] In screening a complaint under 28 U.S.C. § 1915(e)(2)(B), we apply the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hines v. Thomas*, No. 07-1524, 2008 WL 818008, at *2 (W.D. Pa. Mar. 26, 2008). We may only consider facts alleged in the complaint or documents attached by the plaintiff and generally may not consider allegations or documents submitted in motions which are not asserted in the complaint.

[2] Ms. Pine names "Reliant Capitol Solutions," but it appears this Defendant conducts business as "Reliant Capital Solutions." *See* ECF Doc. No. 9 at p. 4.

[3] ECF Doc. No. 1 at p. 3.

[4] *Id.* at p.2.

[5] *Id.* at p. 12.

[6] *Id.*

[7] *Id.* at p. 6.

[8] *Id.*

[9] *Id.* at pp. 8-9.

[10] *Id.* at p. 9.

[11] *Id.* at p. 8.

[12] *Id.*

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[14] *See Cushing v. Student Loan Marketing Assoc.*, No. 16-595, 2016 WL 5390644, at *1 (E.D. Pa. Sept. 27, 2016) ("debt collectors may garnish wages under the procedures outlined in 20 U.S.C. § 1095a, and they may assess default fees so long as those fees are permitted by the terms of the original [federal student] loan agreement.").

[15] 20 U.S.C. § 1095a.

[16] *Id.*

[17] *See, e.g., Bailey v. Allied Interstate LLC*, No. 16-685, 2016 WL 11263429 (E.D. Va. Dec. 5, 2016) ("Despite Plaintiffs' concerns, [Section 1095a] does not grant Plaintiffs a right of action to bring their claim against Defendants.") (citations omitted).

[18] *Sanon v. Dept. of Higher Educ.*, No. 06-4928, 2010 WL 1049264 (E.D.N.Y. Mar. 18, 2010); *see also Kelly v. Aman Collections Servs.*, No. 03-6091, 2007 WL 909547 (D. Minn. Mar. 23, 2007).

[19] *Stehney v. Perry*, 101 F.3d 925, 933 (3d Cir. 1996).

[20] *Id.* (quoting 5 U.S.C. § 702).

[21] We again reject Ms. Pine's request for a temporary restraining order. "The standards for a temporary restraining order are the same as those for a preliminary injunction." *Friedberg v. Burns,* No. 93-6626, 1993 WL 533361, at *3 (E.D. Pa. Dec. 16, 1993). Ms. Pine must show: "(1) a likelihood of success on the merits, (2) the probability of irreparable harm if the relief is not granted, (3) that granting injunctive relief will not result in even greater harm to the other party and (4) that granting relief will be in the public interest. *Frank's GMC Truck Center, Inc. v. G.M.C.,* 847 F.2d 100, 102 (3r Cir. 1988); *Ecri v. McGraw–Hill, Inc.,* 809 F.2d 223, 226 (3d Cir. 1987). "In defining irreparable harm, it is not enough to establish a risk of irreparable harm, rather, there must be a clear showing of immediate irreparable injury." *Ecri,* 809 F.2d at 226 (citations omitted). "Nor is it enough for the harm to be serious or substantial, rather, it must be so peculiar in nature that money cannot compensate for the harm." *Bieros v. Nicola,* 857 F. Supp. 445, 446 (E.D. Pa. 1994). Ms. Pine fails to meet the test for granting a temporary restraining order. While she claims she did not receive notice, this allegation alone fails to show substantial likelihood of success on the merits. Her claims are purely monetary. Congress forbids her employer from retaliating against the wage garnishment. Granting a temporary restraining order is not in the public interest as it would allow a debtor to successfully petition the federal court to cease wage garnishment after alleging the Department of Education failed to provide notice, which would substantially burden both the judiciary and the administrative state from performing other functions important to the public interest.