**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MELISSA BETH PINE** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 20-527 |
| | : | |
| **DEPARTMENT OF EDUCATION,** *et al.* | : | |
| | : | |

# MEMORANDUM

**KEARNEY, J.**  May 4, 2020

Melissa Beth Pine *pro se* sued the United States Department of Education, Reliant Capital Solutions, LLC,[1] and People Solutions[2] alleging they garnished her wages on an unpaid federal student loan which she denies is her obligation.[3] Ms. Pine asks we address the federal question arising from the "illegal garnishment of wages for fraudulent student loans that aren't mine."[4] She does not plead a statute or specific claim. The Department filed an Answer. The alleged debt collector Reliant Capital Solutions, LLC moves to dismiss arguing she does not plead a claim but then proceeds to guess at possible claims. Informed by the motion to dismiss, Ms. Pine addresses these potential unpleaded claims. We are mindful of certain remedies possibly available for an alleged improper garnishment of a student loan. But we cannot guess at her claims or define them for her. We must review the complaint. While we liberally construe *pro se* filings, we cannot guess or insert facts and claims. We grant the debt collector's motion for a more definite statement and grant Ms. Pine leave to file an amended complaint against the Department and the debt collector defining her facts and claims in one document which she can assert in good faith.

**I.**   ***Pro se*** **alleged facts**[5]

As of December 1989, Melissa Beth Pine had borrowed $14,000 to fund her college education including at the Philadelphia College of Textile and Sciences with a guarantee provided

by the Pennsylvania Higher Education Assistance Agency.[6] In June 1995, she requested a deferment of her obligations for the loan period of June 1995 through September 1995.[7] Unknown handwriting on the deferral agreement identified the school as Drexel University and the lender as the PNC Education Loan Center in Harrisburg, Pennsylvania.[8] An undated credit report shows Ms. Pine then filed for bankruptcy at some point, but the court dismissed her bankruptcy apparently without discharge.[9] Someone wrote "lie" next to entries on the attached credit report and the words "never borrowed for Drexel" and "owed $375.00."[10]

On April 17, 2019, the United States Department of the Treasury, Bureau of Fiscal Service advised Ms. Pine it "applied all or part of your payment to delinquent debt that you owe."[11] The Bureau of Fiscal Service applied $959.00 of "non-tax federal debt" owed to the United States Department of Education.[12] Someone wrote "owed to me" on the document.[13] Ms. Pine does not describe or explain the relevance of this document to her claims, but seeks the return of this money in her complaint.

On December 4, 2019, either the United States Department of Education or Reliant Capital Solutions notified Ms. Pine's employer, Transamerica, of a wage garnishment order.[14] The notification to Transamerica explained "[t]he Debt Collection Improvement Act of 1996 (DCIA) permits Federal agencies to garnish the pay of individuals who owe such debt without first obtaining a court order. Enclosed is a Wage Garnishment Order directing you to withhold a portion of the employee's pay each pay period and to forward those amounts to us. We have previously notified the employee that this action was going to take place and have provided the employee with the opportunity to dispute the debt."[15] Ms. Pine alleges no one ever notified her of the garnishment or opportunity to dispute the debt.

The wage garnishment order identifies Reliant Capital Solutions as the "Creditor Agency" on behalf of the Department of Education. The order directs Transamerica to pay the Creditor Agency all wage garnishment amounts. The order additionally contained a certification by the Creditor Agency, signed by Mark LaVia, the "Order is issued in accordance with the requirements of 31 U.S.C. 3720D and 31 C.F.R. 285.11 …"[16] The wage garnishment order also includes a request for a hearing. Ms. Pine does not allege when she received a copy of these documents.[17]

Apparently unaware of the December 4, 2019 wage garnishment order, Ms. Pine alleges she only learned of the garnishment when she received her December 20, 2019 paycheck and discovered her employer deducted $109.59 from her wages.[18] In early January 2020, Ms. Pine's employer deducted $80.72 from her paycheck.[19] Her paystubs report the post-tax deduction for a "student loan."[20] The student loan garnishment represented $109.59 applied against the gross wages of $821.38 and $80.72 applied against gross wages of $597.16.[21]

On January 30, 2020, Ms. Pine *pro se* sued the Department of Education, collection agency Reliant Capital Solutions, and her employer claiming a violation of her statutory right to a legal garnishment of wages for fraudulent student loans "that aren't mine." As pleaded, Ms. Pine alleges the private collection agency Reliant never notified her of the wage garnishment and could not find her documents; non-party Pennsylvania Higher Education Assistance Agency could not "produce [her] original loans"; and the Department of Education could not "furnish [her] with all of [her] documents."[22]

She claims the garnishment of her wages is causing her "major financial hardship" including her credit "continually being destroyed," notwithstanding her earlier bankruptcies, inability to care of her elderly mother, and inability to meet her financial obligations.[23] Ms. Pine demands an "immediate cease and desist of the wage garnishment," return of monies garnished

with interest, immediate refund from her employer, immediate relief from "tax return refund garnishment and refunds of the stimulus checks … to give [her] a chance to prove the fraud on [her] student loans"; and $2,500 for a retainer "to hire someone to help [her] prove the loans are fraudulent."[24]

The Department of Education answered Ms. Pine's complaint.[25] Transamerica, Ms. Pine's employer, moved to dismiss the complaint.[26] Ms. Pine responded she does not wish to sue her employer as it stopped garnishing her wages and did not object to our dismissing it.[27] We dismissed Transamerica from the action with Ms. Pine's consent.[28]

**II.     Analysis**

Reliant moved to dismiss, arguing Ms. Pine fails to describe in any way their potential liability.[29] Ms. Pine elected not to file an amended complaint and, instead, responded to the motion to dismiss but added facts and causes of action not contained in her original complaint.[30] As discussed below, Ms. Pine cannot amend her complaint through her response to Reliant's motion to dismiss. Her complaint against Reliant fails to meet the requirements of Federal Rule of Civil Procedure 8 but we grant her leave to amend her complaint to allege facts and claims which may be available to her consistent with her pleading obligations under Rules 8 and 11.

We read Ms. Pine's complaint to assert remaining claims against the Department of Education and Reliant for the "illegal" garnishment of her wages. Unable to determine the cause of action against it, Reliant assumes Ms. Pine intended to bring claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(e), the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, and the Higher Education Act, 20 U.S.C. § 1095a. It moved to dismiss claims under those statutes or for a more definite statement.

Ms. Pine responds Reliant violated the notice and hearing requirements of both the Higher Education Act at 20 U.S.C. § 1095a and the Debt Collection Improvement Act at 31 U.S.C. § 3720D and 31 C.F.R. § 285.11, allowing for an administrative wage garnishment, as well as the FDCPA and the FCRA.  The problem, however, is Ms. Pine does not plead facts subject to Rule 11 scrutiny to plausibly state a claim under unplead statutes.

Ms. Pine fails to meet the federal pleading standards.  Because we are unable to determine from her complaint the statute or statutes under which she sues the Department of Education and Reliant, as well as the facts to plausibly support any such claims, we grant Reliant's motion to dismiss under Rule 12(e) without prejudice for Ms. Pine to amend her complaint to allege all facts and the statutes under which she seeks a remedy.

Federal Rule of Civil Procedure 8(a) provides: "A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."[31]

As our Court of Appeals recently explained, "[t]he purpose of this rule is to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"[32] We are directed "dismissal for violating Rule 8 is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'"[33]

Federal Rule of Civil Procedure 12(e) allows a defendant to move for a more definite statement providing, in part: "A party may move for a more definite statement of a pleading to

which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."[34]

"Federal Rule of Civil Procedure 12(e) often serves as a corollary to pleading standards under Rule 8(a)."[35] A motion for a more definite statement under Rule 12(e) "is not a substitute for the discovery process[,]" and such motions are disfavored.[36] We grant a Rule 12(e) motion "where the pleadings are 'unintelligible or if it is virtually impossible for the opposing party to craft a responsive pleading'" and the defendant is "unable to respond 'even with a simple denial[] in good faith or without prejudice to [itself].'"[37]

With these standards in mind, we examine Ms. Pine's complaint. Ms. Pine's complaint identifies the basis of jurisdiction as "illegal garnishment of wages for fraudulent student loans that aren't mine."[38] She alleges three facts:

- "The private collection agency listed on my complaint never notified me about the wage garnishment. The first time I found out was on my 12/20/19 paycheck."

- "The [D]epartment of [E]ducation couldn't furnish me with all of my documents."

- "The collection agency couldn't find any of my documents - and PHEAA couldn't produce my original loans."[39]

While we read Ms. Pine's complaint to claim the defendants "illegal[ly] garnish[ed]" her wages, we do not know under which statute she brings her claims or facts other than these vague allegations. These do not provide Reliant with notice of the claims against it and it "cannot reasonably be expected to frame a proper, fact-specific defense."[40] This is evident by Reliant's motion to dismiss where it is forced to guess the claims Ms. Pine intended to bring.[41]

We understand Ms. Pine asserted additional facts and causes of action and attached additional documents to various filings, including her response to Reliant's motion. But she cannot

6

amend her complaint through these filings. "[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."[42]

### III. Conclusion

We grant Reliant's motion for a more specific complaint under Rule 12(e). We allow Ms. Pine leave to file an amended complaint consistent with the federal rules against the remaining Defendants by May 18, 2020. If she again elects not to timely amend, we will proceed only against the Department of Education on the Complaint.

---

[1] The correct legal entity is Reliant Capital Solutions, LLC, initially identified as "Reliant Capitol Solutions." *See* ECF Doc. No. 38 at 1.

[2] The correct legal entity is Transamerica Life Insurance Company. "People Solutions" is a department within Transamerica and is not a legal entity. *See* ECF Doc. No. 40 at 1.

[3] ECF Doc. No. 1.

[4] *Id.* at 2 (using the pagination assigned by the CM/ECF docketing system).

[5] Ms. Pine offers only the most conclusory facts. We can understand some of the factual background from paystubs, credit reports, and loan documents attached to her complaint. When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we may only consider the "complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993)).

[6] ECF Doc. No. 1 at 13. The document attached at page 13 appears to be a promissory note from the Pennsylvania Higher Education Assistance Agency guaranteeing a $2,598 loan. The document shows Ms. Pine's total loan borrowings as $14,000. Although the document is partially obscured, it appears Ms. Pine had loans in the amount of $11,402 at the time of the Pennsylvania Higher Education Assistance Agency $2,598 promissory totaling $14,000 in guaranteed student loans, also known as a "Stafford Loan."

[7] *Id.* at 12.

[8] *Id.*

[9] *Id.* at 10.

---

[10] *Id.*

[11] *Id.* at 6, 14.  The documents at pages 6 and 14 appear to be identical.

[12] *Id.*

[13] *Id.*

[14] ECF Doc. No. 9 at 3 (using the pagination assigned by the CM/ECF docketing system).  Ms. Pine filed a motion for temporary restraining order two business days after filing her complaint. *See* ECF Doc. No. 9.  She attached to her motion the wage garnishment order and other related documents. We considered Ms. Pine's complaint (ECF Doc. 1) and motion for temporary restraining order (ECF Doc. No. 9) when we screened her complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) with her motion to proceed *in forma pauperis*.  ECF Doc. No. 10.  On February 4, 2020, we denied Ms. Pine's motion for temporary restraining order without prejudice to be renewed after service on defendants. ECF Doc. No. 12. On March 13, 2020, Ms. Pine renewed her motion for temporary restraining order. ECF Doc. No. 17. On March 17, 2020, Ms. Pine voluntarily withdrew her motion for restraining order, advising us the Department of Education provided her employer with a "Notice of Cancellation of the Order for Withholding My Wages." ECF Doc. No. 22.

[15] ECF Doc. No. 9 at 3.

[16] *Id.* at 5. Under 31 U.S.C. § 3720D and 31 C.F.R. § 285.11, "a federal agency is authorized to collect money from a debtor's disposable pay by means of an administrative wage garnishment to satisfy a delinquent debt owed to the United States." *Davis v. Vilsack*, No. 11-3383, 2013 WL 6865425, at * 3 (C.D.Ill., Dec. 31, 2013). Section 285.11 of Title 31 of the Code of Federal Regulations provides the procedure a federal agency must follow to collect debts owed to the United States through an administrative wage garnishment.  Section 285.11 "applies to any Federal agency that administers a program that gives rise to a delinquent nontax debt owed to the United States and to any agency that pursues recovery of such debt." 31 C.F. R. § 285.11(b)(1). The term "agency" is defined as "a department, agency, court, court administrative office, or instrumentality in the executive, judicial, or legislative branch of the Federal Government, including government corporations. For purposes of this section, agency means either the agency that administers the program that gave rise to the debt or the agency that pursues recovery of the debt." *Id.* at § 285.11(c). The Secretary of the Treasury may refer collection of a nontax debt to, *inter alia*, "a private collection contractor operating under a contract for servicing or collection action …" 31 U.S.C. § 3711(g)(4)(B). The term "'private collection contractor' means private debt collectors under contract with an agency to collect a nontax debt or claim owed the United States. The term includes private debt collectors, collection agencies, and commercial attorneys." 31 U.S.C. § 3701(f). *See e.g. United States v. South Carolina Dep't of Corr.,* No. 3-04-22066, 2006 WL 8446797, at *4, *12 (D.S.C. June 14, 2006) (explaining the purpose and procedures authorized by Congress in the Debt Collection Improvement Act to collect debt, including referral of debts to private collection agencies).

---

[17] In her motion for temporary restraining order, Ms. Pine represents she asked the Department of Education and the "collection agency" (presumably Reliant) for a copy of the wage garnishment order and "clean copies of her loans and distributions" but received nothing in response. ECF Doc. No. 9 at 1. She contends her employer's human resources department requested a hearing on her behalf, but no such hearing occurred because "she was told that the request was untimely (late) [and] lacked support or was filled out incorrectly." *Id.*

[18] ECF Doc. No. 1 at 3, 8.

[19] *Id.* at 11.

[20] *Id.* at 8, 11.

[21] *Id.*

[22] *Id.* at 3.

[23] *Id.* at 4.

[24] *Id*.

[25] ECF Doc. No. 44.

[26] ECF Doc. No. 40.

[27] ECF Doc. No. 42.

[28] ECF Doc. No. 43.

[29] ECF Doc. Nos. 37, 38.

[30] ECF Doc. No. 48.

[31] Fed.R.Civ.P. 8(a).

[32] *Peay v. Sager*, No. 19-1131, 2020 WL 362774, at *2 (3d Cir. Jan. 22, 2020) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[33] *Id.* (quoting *Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004)) (footnote omitted).

[34] Fed.R.Civ.P. 12(e).

[35] *Carson v. Tucker*, 20-399, 2020 WL 1953655, at *3 (E.D.Pa. Apr. 24, 2020).

[36] *Id.* (quoting *Wheeler v. United States Postal Serv.*, 120 F.R.D. 487, 488 (M.D. Pa. 1987)).

---

[37] *Id.* (citations omitted).

[38] ECF Doc. No. 1 at 2.

[39] *Id.* at 3.

[40] *Carson*, 2020 WL 1953655 at *3 (quoting *Miller v. Alt. Freight Sys.*, No. 11-1954, 2013 WL 1308235, at *3 (M.D. Pa. Jan. 29, 2013)).

[41] In its answer, the Department of Education, represented by the United States Attorney in Philadelphia, notified us it "intends, with the Court's permission, to amend the Answer and include appropriate affirmative defenses, if any, once [it] is able to ascertain further the statutory basis of plaintiff's claims against [it]." *See* ECF Doc. No. 44 at 2.

[42] *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir.1984), *cert. denied*, 470 U.S. 1054 (1984)).  *See also*, *Frederico v. Home Depot*, 507 F.3d 188, 201–02 (3d Cir. 2007) ("we do not consider after-the-fact allegations in determining the sufficiency of her complaint under Rules 9(b) and 12(b)(6)").