IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MELISSA BETH PINE** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO.  20-527** |
| | : | |
| **DEPARTMENT OF EDUCATION,** *et al.* | : | |

## <u>MEMORANDUM</u>

**KEARNEY, J.**                                                                                   **July 28, 2020**

      Almost twenty-five years after she left Drexel University believing she owed it no student loans and twenty-two years after she thought she satisfied all of her student loans to pay for other universities, Melissa Beth Pine learned the Department of Education or its debt collector Reliant Capital Solutions, LLC began garnishing her wages for an alleged defaulted student loan paid to Drexel.  Ms. Pine claims she never borrowed funds to attend Drexel and the debt collector or Department garnished her wages without the required statutory notice and hearing.   The Department answered but reminds Ms. Pine we may review her claims under the Administrative Procedures Act's arbitrary and capricious standard, since she earlier contested her student debt in the administrative process and lost. Reliant Capital moves to dismiss.  We grant most of its motion but cannot resolve the fact issues concerning whether it is a debt collector or the nature of its notice before garnishment. We dismiss Ms. Pine's claim under the Higher Education Act with prejudice and her Fair Credit Reporting Act, Debt Collection Improvement Act, Pennsylvania Unfair Trade Practices and Consumer Protection Law, and common law fraud claims without prejudice.  Ms. Pine sufficiently pleads a Fair Debt Collection Practices Act claim against Reliant Capital subject to discovery and further review in response to a summary judgment motion.

## I.      Alleged *pro se* facts

Ms. Pine began her undergraduate studies in Fall 1985 at Pennsylvania State University.[1] She remained a student at Penn State for three years but then transferred to Philadelphia College of Textile and Sciences to complete her studies.[2]  She received a bachelor's degree in finance in May 1990.[3]

Ms. Pine signed notes for guaranteed student loans to finance her education: for the 1985-86 school year, she borrowed $2,500; for the 1986-87 school year, she borrowed $2,500; for the 1987-88 school year she borrowed $850; and for the 1989-90 school year she borrowed $3,902.[4] These loans total $9,752. She did not sign promissory notes to finance the 1988-89 school year because her grandmother paid her tuition then.[5]  She has not signed a promissory note for a student loan since her May 1990 graduation. She paid off all earlier student loans by 1997.[6]  She never signed a consolidation loan.[7]

Ms. Pine considered attending veterinary school in 1994. She began taking evening classes at Drexel University from summer 1994 to May 1995.[8]  She did not sign for student loans to finance her studies at Drexel University.[9]

### Reliant Capital issues a wage garnishment order in December 2019.

Twenty-two years after paying off her student loans and almost twenty-five years after leaving Drexel, Reliant Capital began to garnish Ms. Pine's wages without notice to her. Beginning with her December 20, 2019 paycheck, she noticed a deduction of $338.62 attributed to "Student Loan."[10]  Her employer's human resources personnel told her Reliant Capital sent a December 4, 2019 wage garnishment order.[11]  Ms. Pine's employer provided her with a copy of the wage garnishment order marking the first time Ms. Pine saw the order.[12]

The December 4, 2019 wage garnishment order identifies Reliant Capital as the "Creditor Agency" with the Department of Education's address for administrative wage garnishments in St. Louis, Missouri.[13]  The total amount due is $67,918.33.  The wage garnishment order is signed by a "Mark LaVia" for the Creditor Agency and certifies the order "is issued in accordance with the requirements of 31 U.S.C. § 3720D and 31 C.F.R. § 285.11 . . . ."[14]

Ms. Pine alleges Reliant Capital "did not receive and [sic] administrative order from the Department of Education in authorizing the garnishment of my wages."[15]

Ms. Pine's paystubs show her employer, under the wage garnishment order, deducted:[16]

| Paycheck date | Amount | YTD amount |
| --- | --- | --- |
| 12/20/2019 | $336.62 | $336.62 |
| | | |
| 1/3/2020 | $109.59 | $109.59 |
| 1/17/2020 | $80.72 | $190.31 |
| 1/31/2020 | $129.19 | $319.50 |
| 2/14/2020 | $114.17 | $433.67 |
| 2/13/2020 | ($114.27) | $319.50 |
| 2/21/2020 | 0 | $319.50 |
| 2/28/2020 | $137.60 | $457.10 |
| 3/13/2020 | $129.73 | $586.83 |
| 3/24/2020 | 0 | $586.83 |
| 3/27/2020 | 0 | $586.83 |
| 4/9/2020 | 0 | $586.83 |
| 4/24/2020 | 0 | $586.83 |
| 5/8/2020 | 0 | $586.83 |
| | | |
| 2019 | | $336.62 |
| 2020 | | $586.83 |
| **Total** | | **$923.45** |

Although she does not explain in her amended complaint, it appears her employer stopped the wage garnishment as of March 24, 2020.  Reliant Capital has not returned the money it garnished from Ms. Pine's wages.

***Ms. Pine attempts to resolve with Reliant Capital and demands a hearing.***

Sometime after December 20, 2019, Ms. Pine contacted Reliant Capital to determine the basis of the wage garnishment order.[17]  Reliant Capital told Ms. Pine the debt arises from a June 1995 consolidation loan to attend Drexel University.[18]  Ms. Pine told Reliant Capital she did not attend Drexel University in June 1995 and she did not sign a consolidation loan.[19]  Ms. Pine advised Reliant Capital this is not her loan, the loan is "fraudulent," requested an investigation, and requested documents to show Reliant Capital is an agent for the Department of Education, but Reliant Capital contended it has a "legitimate" wage garnishment order and otherwise ignored her.[20]

After requesting, and receiving, a copy of the wage garnishment order from Reliant Capital in mid-January 2020, Ms. Pine noticed page 8 missing from the document.  Ms. Pine contends this is the page notifying her of her right to a fair hearing.  She alleges neither she nor her employer received page 8 of the wage garnishment order which she believes is "not an accident," suggesting Reliant Capital purposely failed to include the page notifying of her right to a hearing.[21]

Ms. Pine demanded a hearing from Reliant Capital. She alleges "until recently, she received little to no documentation proving that the loans they stated were mine that are being garnished," and alleges Reliant Capital is relying on false information in the National Student Database.[22]  She alleges she submitted forms showing she is a victim of identity theft.[23]

Ms. Pine further alleges Reliant Capital "sent [her] a fraudulent consolidation loan as well as fraudulent forms that they claimed were proof of this debt being mine"; is not an agent for the Department of Education; failed to determine the validity of her debt; and Reliant Capital failed to turn over the money garnished from her wages to the Department of Education.[24]

## II.     Analysis[25]

Ms. Pine sues the United States Department of Education and Reliant Capital for violating various federal wage garnishment laws, possibly the Fair Debt Collection Practices Act, and state law relating to garnishing her wages to collect a student loan she denies is her obligation.  Ms. Pine alleges she never took out a student loan on which Reliant Capital began garnishing her wages in December 2019.

Liberally construed, Ms. Pine brings five claims against Reliant Capital and the Department of Education.[26]  Our Court of Appeals directs us to be "mindful of our 'obligation to liberally construe a *pro se* litigant's pleadings …'"[27]  She claims Reliant Capital violated the Higher Education Act, the Fair Credit Reporting Act, the Debt Collection Improvement Act, engaged in "deceptive practices,"  "committed fraud," and "negligence" :

- Ms. Pine alleges Reliant Capital violated the Higher Education Act,[28] the Fair Credit Reporting Act,[29] and the Debt Collection Improvement Act ("DCIA")[30] by sending the wage garnishment order to her employer representing she had notice and an opportunity to be heard on the alleged student debt when she did not have such opportunity for notice and hearing; denied her the procedural safeguards of the DCIA, including a hearing, before a wage garnishment order is entered; violated the "[f]air credit collection act" by using deceptive collection tactics in falsely representing to her employer it complied with federal law and had the authority to garnish wages;[31] committed fraud when it represented to her employer it had the authority to garnish wages on behalf of the Department of Education on which her employer relied to her detriment; committed mail fraud by sending fraudulent documents in the mail to her and her employer; and negligently sent the wage garnishment order. As to the Department of Education, Ms. Pine alleges it violated HEA by allowing "fraudulent loans to remain on their Websites" and allowed her "fraudulent loans to be used to garnish her wages and permitted private debt collectors like Reliant Capital to collect under its authority."

- Ms. Pine alleges the Department of Education violated "FEHA" (which we assume is the Higher Education Act, HEA) "by allowing fraudulent debt" which the Department of Education has an obligation to ensure accurate information relating to a defaulted loan; mishandled information in the National Student Loan Database and exposed her "personal information" for over a year.

- Reliant Capital engaged in "deceptive practices" as detailed in "Claim 1."

- Reliant Capital "committed fraud by misrepresenting that they were legally allowed to take my money" resulting in her employer deducting garnished amounts from her wages causing her financial damage including her inability to pay for her mother's life insurance policy which she lost.

- Reliant Capital engaged in "unequivocal negligence by sending them [employer] a wage garnishment order without real cause, authorization, and first fulfilling the requirements that must be met prior to actual garnishment."

Reliant Capital moves to dismiss the amended complaint against it.[32]   Reliant Capital attempts to distance itself from the Department of Education suggesting it had no role in the wage garnishment order.  For example, it argues the Department of Education, not Reliant Capital, sent the wage garnishment order to Ms. Pine and it is the Department of Education, not Reliant Capital, with the power to garnish wages.[33]  To the extent Reliant Capital's motion is based on these factual assertions, or its interpretation of an exhibit attached to Ms. Pine's amended complaint, it is denied. At the motion to dismiss stage, we do not accept Reliant Capital's factual arguments, but as attached to her original amended complaint, the letter accompanying the wage garnishment order is printed with a federal letterhead and appears to be from the Department of Education.[34] Considering the documents attached to Ms. Pine's amended complaint, including references to Reliant Capital as the "Creditor Agency" and "Contact" on the wage garnishment order and on the Employer Certification, and Ms. Pine's allegation her employer's human resources department told her Reliant Capital provided the wage garnishment order, it is at least plausible Reliant Capital acted on the wage garnishment order as a private collection contractor under contract with the Department of Education to collect the allegedly defaulted student loans.

Reliant Capital argues (1) the first claim, making allegations under numerous statutes, must be dismissed because there is no private right of action under the Higher Education Act, she fails to state a claim under the Fair Credit Reporting Act, and she fails to state a claim under the Debt

Collection Improvement Act;[35] (2) the second claim is asserted against the Department of Education only;[36] (3) assuming the third claim is made under the Fair Debt Collection Practices Act or Pennsylvania's Unfair Trade Practices and Consumer Protection Law,[37] it fails to state a claim; and (4) Ms. Pine fails to state a claim for common law fraud and we must decline supplemental jurisdiction.

### A. We dismiss Ms. Pine's Higher Education Act, Fair Credit Reporting Act, and Debt Collection Improvement Act claims.

Ms. Pine alleges Reliant Capital violated the Higher Education Act, the Fair Credit Reporting Act, and the Debt Collection Improvement Act and, we infer, the Fair Debt Collection Practices Act by sending the wage garnishment order to her employer representing she had notice and an opportunity to be heard on the alleged student debt when she did not have such opportunity for notice and hearing; denied her the procedural safeguards of the Debt Collection Practices Act, including a hearing, before a wage garnishment order is entered;[38] and violated the "[f]air credit collection act" by using deceptive collection tactics in falsely representing to her employer it complied with federal law and had the authority to garnish wages. She also alleges Reliant Capital committed fraud when it represented to her employer it had the authority to garnish wages on behalf of the Department of Education on which her employer relied to her detriment; committed mail fraud by sending fraudulent documents in the mail to her and her employer; and negligently sent the wage garnishment order.

Reliant Capital moves to dismiss the Higher Education Act, Fair Credit Reporting Act, and Debt Collection Improvement Act claims. It does not move to dismiss mail fraud and negligence claims.

#### 1.     The Higher Education Act does not afford a private right of action.

While the Higher Education Act protects certain rights of debtors throughout the wage garnishment procedure, "individuals do not have a private right of action under the HEA against a university or the DOE."[39]  "Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress."[40]  The Higher Education Act permits only the Secretary of Education to enforce the Act's provisions.[41]  The Higher Education Act is a funding statute and there is no express right of action.  A lawsuit must be brought by or against the Secretary of Education.[42]

We dismiss Ms. Pine's claim under the Higher Education Act against Reliant Capital with prejudice as any amendment is futile.

#### 2.     Ms. Pine fails to allege a Fair Credit Reporting Act furnisher claim.

Congress, through the Fair Credit Reporting Act, set standards for consumer reporting agencies, requiring "reasonable procedures for meeting the needs of commerce for consumer credit . . . which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information."[43]  The Act imposes civil liability on any "[a]ny person who . . . fails to comply with any requirement imposed" by the statute.[44]

Congress set different obligations for credit reporting agencies and for furnishers or consumer information.[45]  Consumer reporting agencies "regularly engage[] in whole or in part in gathering or evaluating information on consumers for the purpose of furnishing consumer reports to third parties . . . ."[46]  A furnisher is "an entity that furnishes information relating to consumers to one or more consumer reporting agencies for inclusion in a consumer report."[47]

We infer from the amended complaint Ms. Pine believes Reliant Capital furnished inaccurate information to her employer through the wage garnishment order. To state a claim

against a furnisher of inaccurate information under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b), Ms. Pine must allege: (1) "[s]he filed a notice of dispute with a consumer reporting agency;" (2) "the consumer reporting agency notified the furnisher of information of the dispute"; and, (3) "the furnisher of information failed to investigate and modify the inaccurate information."[48]

Reliant Capital argues Ms. Pine fails to allege it "reported any account information to any credit reporting agency," or allege she filed a dispute with a consumer reporting agency, or allege Reliant Capital failed to investigate a credit dispute. We agree. Ms. Pine fails to allege the elements of a claim against a furnisher of information under the Fair Credit Reporting Act. We will dismiss this claim without prejudice for her to amend her complaint if she can truthfully plead the necessary element in good faith.

### 3. Ms. Pine fails to allege a Debt Collection Improvement Act claim.

Congress, through the Higher Education Act and the Debt Collection Improvement Act, empowered the Department of Education to garnish the wages of a defaulted federal student loan borrower.[49] Reliant Capital acted as the collection entity and is designated as the "Creditor Agency" on the wage garnishment order.[50] The loan is subject to the requirements of the Debt Collection Improvement Act because it is a federal loan in default, and the Department of Education garnished the wages of Ms. Pine to satisfy the debt.[51] Congress requires thirty days' notice to the borrower before the start of garnishment,[52] and an opportunity for a hearing at which the borrower may contest the amount, enforceability, or existence of the debt.[53] Even if the request is not timely, a borrower may request a hearing at any time.[54]

Congress "necessarily impl[ied] a monetary remedy if the Government perpetrates an illegal exaction pursuant to their authority."[55] In *Wagstaff v. United States*, the plaintiff sought a

remedy for, in part, improper wage garnishment by the government. The court reasoned while equitable relief "might serve to prevent future illegal exactions . . . absent a monetary remedy, a litigant has no recourse to recover wages unlawfully garnished . . ."[56]  In a separate section of the Debt Collection Improvement Act, Congress allows the "referral of a non-tax claim may be made to—a private collection contractor operating under a contract for servicing or debt collection."[57] In section 3720D, Congress implies a right of action against the government agency ordering the improper debt collection, but not against the debt collection agency the case was referred to.[58]  If we were to contend Reliant Capital is liable under the Debt Collection Improvement Act implied right of action against the government as an agent acting on behalf of the government, Ms. Pine would disagree.  Ms. Pine alleges Reliant Capital acted without an administrative order from the Department of Education, is "not an authorized Agent of the Department of Education[,]" and "has not applied any of the money taken from wages to any Federal Student Loan."[59]   Ms. Pine seemingly alleges Reliant Capital is not authorized.  As such, she cannot state this claim under section 3720D if she alleges Reliant Capital is not authorized.

In the other potentially applicable section of the Act, section 3729, Congress imposes liability on parties for false claims relating to federal debt.[60]  A person is subject to liability who "knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government…"[61] Congress requires the suit be brought on behalf of the government.[62] Ms. Pine brings her action  on her own behalf.

Ms. Pine fails to state a claim under the Debt Collection Improvement Act.  She may be able to do so if she pleads Reliant Capital is authorized after a good faith investigation of the facts.

As she may discover this fact, we dismiss Debt Collection Improvement Act claim without prejudice.

### B.   Ms. Pine alleges deceptive practices under the Fair Debt Collection Practices Act but fails to state a claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law or for fraud.

Ms. Pine alleges Reliant Capital engaged in "deceptive practices." We liberally construe claims in our limited jurisdiction under either the Fair Debt Collection Practices Act or the Pennsylvania Unfair Trade Practices and Consumer Protection Law.  Reliant Capital moves to dismiss these deceptive practices claims.

### 1.   Ms. Pine states a debt collection claim under federal law.

Under the Fair Debt Collection Practices Act, Congress made illegal a number of abusive and unfair debt collection practices to better protect consumers.[63]  To state a cause of action under the Act, an individual must allege "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a debt as the Act defines it, and (4) the defendant has violated a provision of the Fair Debt Collection Practices Act in attempting to collect the debt."[64]  As the alleged borrower of a student loan, Ms. Pine is a consumer, so we look to whether Reliant Capital is a debt collector.[65]

Congress defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."[66]  Reliant Capital argues Ms. Pine's designation of it as a "private collection agency" or "collection agency" does not satisfy the statutory definition of a debt collector under the Fair Debt Collection Practices Act.[67]  We disagree.  The language of

section 1692a describes exactly the activity Ms. Pine alleges Reliant Capital engaged in: debt collection.

Congress defines debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes."[68]  The alleged federal student loan owed by Ms. Pine to the federal government is a debt under the statutory definition.

Ms. Pine must also allege Reliant Capital violated a specific provision of the Act. Reliant Capital urges us to dismiss Ms. Pine's complaint for lack of a cite to a specific subsection of the Act.  Although courts have dismissed the claims of *pro se* litigants failing to cite to a specific subsection of the Act, the *Birdette* case cited to by Reliant Capital is distinguishable from Ms. Pine's because there the court found the entire action to be frivolous and without merit in either fact or law.[69]  Given our liberal policy towards *pro se* pleadings, and because Ms. Pine has alleged sufficient factual matters to support her claims, we decline to dismiss on those grounds. Under section 1692g(a), the debt collector is required to send the consumer a written notice containing: "(1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt . . . ; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."[70]

Ms. Pine alleges she received no notice of the debt, nor did she receive notice before the wage garnishment, and she received inadequate proof from Reliant Capital of the validity of the loan.[71]  Congress, in section 1692k, allows damages for: "(1) any actual damage sustained by such person as a result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000;" and attorney's fees.[72]

Ms. Pine states a cause of action under the Fair Debt Collection Practices Act against Reliant Capital.

> **2.    Ms. Pine fails to state a claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law.**

We infer a claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law from Ms. Pine's allegation of "deceptive practices."  Reliant Capital moves to dismiss this inferred claim.

The Pennsylvania Unfair Trade Practices and Consumer Protection Law is "designed to protect the public from fraud and deceptive business practices."[73]  The statute contains a wide-ranging "deceptive conduct" provision.[74]  The elements of a deceptive conduct claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law are: "(1) a deceptive act, meaning conduct that is likely to deceive a consumer acting reasonable under similar circumstances; (2) justifiable reliance based on the defendants' misrepresentation or deceptive conduct; and (3) an ascertainable loss caused by this justifiable reliance."[75]  Reliant Capital argues Ms. Pine cannot prove the first element of the claim, as the Department of Education sent the garnishment order to Ms. Pine's employer.  We reject Reliant Capital's fact argument at the motion to dismiss stage; Ms. Pine alleges Reliant Capital contacted her employer regarding the administrative wage garnishment order.[76]  We are not convinced by Reliant Capital's argument,

and the act of collecting on an illegitimate debt might meet the requirements of the first element of the claim.

But Ms. Pine fails to plead the second element of the claim. She does not plead her justifiable reliance on Reliant Capital's allegedly deceptive debt collection. During oral argument, she claimed she went to work right away to correct this problem. She has not plead how she relied on this allegedly false statement. Absent this allegation, she does not state a claim under Pennsylvania law.[77]

We grant Reliant Capital's motion but allow Ms. Pine leave to amend the claim if she can do so in good faith.

### C.    We grant Reliant Capital's motion to dismiss the common law fraud claim.

Ms. Pine also seemingly alleges a common law fraud theory: "Reliant Capital committed fraud by misrepresenting that they were legally allowed to take my money as a result, Transamerica gave them my money, I was financially damaged and subsequently wasn't able to pay for and lost my mother's life insurance policy." Reliant Capital moves to dismiss.

Ms. Pine must plead: "(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance."[78]

Reliant Capital moves to dismiss this claim for one reason: "the purported false representations [Ms. Pine] attributes to Reliant Capital was made by the DOE. Specifically, [Ms. Pine's] exhibits show that the letter sent to her employer with the garnishment order was from the DOE." Reliant Capital argues nothing more than its version of the facts—the Department of Education sent the wage garnishment order, not Reliant Capital.

Again, we do not accept Reliant Capital's version of the facts at the motion to dismiss stage. As noted above, the exhibits to Ms. Pine's amended complaint show Reliant Capital as the "Creditor Agency" and the "contact" and Ms. Pine alleges her employer told her Reliant Capital submitted the administrative wage garnishment.

But Ms. Pine does not allege how she justifiably relied on the purported false representations. She cannot proceed on a fraud claim unless she pleads how she justifiably relied to her detriment on this alleged conduct. We dismiss this fraud claim for this pleading deficiency without prejudice.[79]

### D.    We will proceed on the remaining unchallenged negligence claim.

Ms. Pine alleges, in a conclusory fashion, Reliant Capital acted negligently: "In actuality Reliant Capital intentionally mislead my payroll and legal departments with their unauthorized order as well as there [sic] unequivocal negligence by sending them a wage garnishment order without real cause, authorization, and first fulfilling the requirements that must be met prior to actual garnishment, as listed in the statues [sic] above."[80] Reliant Capital does not challenge the pleading. It instead argues we should not exercise our supplemental jurisdiction over state law claims because Ms. Pine's federal claims fail.

Having found Ms. Pine states a claim under the Fair Debt Collection Practices Act, Reliant Capital's supplemental jurisdiction argument fails.

## III.    Conclusion

Ms. Pine alleges the Department of Education and its disclosed debt collector Reliant Capital improperly garnished her wages to collect a fraudulent student loan without notice or opportunity to be heard under federal law. She broadly alleges statutory claims not available to her under the Higher Education Act. She also fails to plead claims under the Fair Credit Reporting

Act and Debt Collection Improvement Act.  She also fails to plead deceptive practices other than under the Fair Debt Collection Practices Act.

We will proceed into discovery on Ms. Pine's collection practices and negligence claim. We grant her leave to amend to plead claims other than under the Higher Education Act. We are also mindful the Department's liability may be reviewed under the Administrative Procedures Act which may alter the need or length for a bench trial.  We reserve those decisions until presented through a pre-trial motion under today's scheduling order.

---

[1] ECF Doc. No. 53 at ¶ 1.

[2] *Id.*

[3] *Id.*

[4] *Id.* at ¶ 2.

[5] *Id.* at ¶ 3.

[6] *Id.* at ¶¶ 5-6.

[7] *Id.* at ¶ 7.

[8] *Id.* at ¶ 8.

[9] *Id.* at ¶¶ 9, 44.

[10] *Id.* at ¶ 10; ECF Doc. No. 51-2 at 1 (using the pagination assigned by the CM/ECF docketing system).

[11] *Id.*; ECF Doc. No. 51-1.

[12] ECF Doc. No. 53 at ¶ 11.

[13] ECF Doc. No. 51-1 at 1 (using the pagination assigned by the CM/ECF docketing system).

[14] *Id.* at 2.

[15] ECF Doc. No. 53 at ¶ 18.

[16] ECF Doc. No. 51-2 at 1-15.

[17] ECF Doc. No. 53 at ¶¶ 13.

[18] *Id.* at ¶¶ 13-14.

[19] *Id.*

[20] *Id.* at ¶ 26.

[21] *Id.* at ¶¶ 15-17.

[22] *Id.* at ¶¶ 28-42.

[23] *Id.* at ¶ 37.

[24] *Id.* at ¶¶ 20, 31, 35, 40, 42, 47.

[25] When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "[w]e accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and we construe them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Our Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

[26] ECF Doc. No. 53, Claims 1 – 4. The Department of Education timely answered the amended complaint.

[27] *Dooley v. Wetzel*, No. 19-1684, 2020 WL 1982194, * 4 (3d Cir. Apr. 27, 2020) (citing *Higgs v. Attorney Gen.*, 655 F.3d 333, 339 (3d Cir. 2011), as amended (September 19, 2011)).

[28] 20 U.S.C. § 1095a. Ms. Pine refers to the Higher Education Act alternatively as "FHEA" and "FEHA." We assume she means the Higher Education Act ("HEA").

[29] 15 U.S.C. § 1681, *et seq.*

[30] 31 U.S.C. § 3720D; 31 C.F.R. § 285.11.

[31] We assume Ms. Pine intended to cite the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

[32] ECF Doc. No. 55-1. When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "[w]e accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and we construe them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Our Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

[33] As we explained in our May 4, 2020 memorandum: under 31 U.S.C. § 3720D and 31 C.F.R. § 285.11, "a federal agency is authorized to collect money from a debtor's disposable pay by means of an administrative wage garnishment to satisfy a delinquent debt owed to the United States." *Davis v. Vilsack*, No. 11-3383, 2013 WL 6865425, at * 3 (C.D. Ill., Dec. 31, 2013). Section 285.11 of Title 31 of the Code of Federal Regulations provides the procedure a federal agency must follow to collect debts owed to the United States through an administrative wage garnishment. Section 285.11 "applies to any Federal agency that administers a program that gives rise to a delinquent nontax debt owed to the United States and to any agency that pursues recovery of such debt." 31 C.F.R. § 285.11(b)(1). The term "agency" is defined as "a department, agency, court, court administrative office, or instrumentality in the executive, judicial, or legislative branch of the Federal Government, including government corporations. For purposes of this section, agency means either the agency that administers the program that gave rise to the debt or the agency that pursues recovery of the debt." *Id.* at § 285.11(c). The Secretary of the Treasury may refer collection of a nontax debt to, *inter alia*, "a private collection contractor operating under a contract for servicing or collection action …" 31 U.S.C. § 3711(g)(4)(B). The term "'private collection contractor' means private debt collectors under contract with an agency to collect a nontax debt or claim owed the United States. The term includes private debt collectors, collection agencies, and commercial attorneys." 31 U.S.C. § 3701(f). *See e.g. United States v. South Carolina Dep't of Corr.,* No. 3-04-22066, 2006 WL 8446797, at *4, *12 (D.S.C. June 14, 2006) (explaining the purpose and procedures authorized by Congress in the Debt Collection Improvement Act to collect debt, including referral of debts to private collection agencies). *See* ECF Doc. No. 49, n. 16.

[34] ECF Doc 51-1 at 7 (using the pagination assigned by the CM/ECF docketing system).

[35] Reliant Capital additionally argues Ms. Pine's claim is, "at best," one under the False Claims Act, 31 U.S.C. § 3729, but she lacks standing to bring such a claim. We do not read Ms. Pine's

amended complaint to bring a False Claims Act claim and we decline to engage in an analysis of a claim Reliant guesses.

[36] We need not address Ms. Pine's second claim against the Department of Education only.

[37] 73 P.S. § 201-1, *et seq.*

[38] We read Ms. Pine's first claim as to seek relief under the Fair Debt Collection Practices Act. We analyze this claim in a separate section.

[39] *Alston v. Pennsylvania State Univ.*, No. 14-2480, 2015 WL 9660019, at *4 (M.D. Pa. June 9, 2015) (listing cases finding no private right of action under the HEA), *aff'd*, 685 F. App'x 158 (3d Cir. 2017); *see also Thomas v. Nova Se. Univ., Inc.*, No. 11-2089, 2011 WL 3205298, at *3 (D.N.J. July 27, 2011) ("The Court agrees with Defendant that the HEA does not create a private right of action."), *aff'd sub nom. Thomas v. Nova Se. Univ.*, 468 F. App'x 98 (3d Cir. 2012); *Garcia v. Equifax Information Services LLC*, No. 18-2311, 2020 WL 1549608, at *3 (D. Nev. Apr. 1, 2020) ("There is no express right of action under the HEA except for suits brought by or against the Secretary of Education.") (quoting *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)); *Cliff v. Payco Gen. Am .Credits, Inc*., 363 F.3d 1113, 1123 (11th Cir. 2004) ("While the HEA endows debtors with certain rights during the wage garnishment process, the HEA expressly empowers only the Secretary of Education—not debtors—with the authority to enforce the HEA and rectify HEA violations.").

[40] *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) (citing *Touche Ross & Co. v. Redington*, 442 U.S. 560, 578 (1979)).

[41] *McCulloch v. PNC Bank Inc.*, 298 F.3d 1217, 1221 (11th Cir. 2002).

[42] 20 U.S.C. §§ 1070(b), 1071, 1082, 1094; *McCulloch*, 298 F.3d at 1221.

[43] 15 U.S.C. § 1681(b).

[44] *Fuges v. Sw. Fin. Servs., Ltd.*, 707 F.3d 241, 246–47 (3d Cir. 2012) (citing 15 U.S.C. §§ 1681n, 1681o).

[45] 15 U.S.C. § 1681a(f); 16 C.F.R. § 660.2(c).

[46] 15 U.S.C. § 1681a(f); *see also Harris v. Pennsylvania Higher Educ. Assistance Agency/Am. Educ. Servs.*, 696 F. App'x 87, 90 (3d Cir. 2017) (quoting *DiGianni v. Stern's*, 26 F.3d 346, 348-49 (2d Cir. 1994)) ("As used in the statute the term refers to firms that are in the business of assembling and evaluating consumer credit information.").

[47] 16 C.F.R. § 660.2(c).

---

[48] *Prater v. Am. Heritage Federal Credit Union*, 351 F.Supp.3d 912, 918 (E.D. Pa. 2019) (quoting *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016) and citing 15 U.S.C. §§ 1681s-2(b), 1681n & § 1681o).

[49] 20 U.S.C. § 1095a; 31 U.S.C. § 3720D.

[50] ECF Doc. 51-1 at 1.

[51] See 34 C.F.R. §§ 34.1-34.30 (citing to the DCIA as the source of authority for wage garnishment); *see also* Doug Rendleman & Scott Weingart, *Collection of Student Loans: A Critical Examination*, 20 Wash. & Lee J. Civil Rts. & Soc. Just. 215, 243-44 (2014).

[52] 31 U.S.C. § 3720D(b)(2).

[53] 31 U.S.C. § 3720D(b)(5) (requiring a hearing if the garnishment order is objected to within fifteen days). *See also Garci v. Coast Prof'l, Inc.*, No. 18-2953, 2019 WL 4247843, at *3 (S.D. Tex. July 19, 2019) ("The applicable regulation, 31 C.F.R. § 285.11, sets out a procedure by which a federal agency may conduct a wage garnishment hearing.").

[54] 34 C.F.R. § 34.11.  To contest a DCIA garnishment, the borrower requests a hearing with the Department of Education by way of the "Request a Hearing" form.  The borrower may request an oral hearing if there are witnesses required, 34 C.F.R. § 34.9(a)(2).  Within sixty days of the close of the hearing the Department issues a written decision on the matter, 34 C.F.R. §§ 34.16(a), 34.17(a), which is then able to be appealed for judicial review under the Administrative Procedure Act. 34 C.F.R. § 34.17(b) ("The hearing official's decision is the final action of the Secretary for the purposes of judicial review under the [APA]" (citing 5 U.S.C. §§ 701-06)).  See Collection of Student Loans, *supra* n. 51.

[55] *Wagstaff v. United States*, 105 Fed. Cl. 99 (Fed. Cl. 2012) (citing 31 U.S.C. §§ 3720A, 3720D).

[56] *Id.* at 111-12 (citing *Kipple v. United States*, 102 Fed. Cl. 773 (Fed. Cl. 2012)).

[57] 31 U.S.C. 3711(g)(4)(B).

[58] 31 U.S.C. 3720D.

[59] ECF 53 at ¶¶ 18, 20, 22. *See also Gruen v. EdFund*, No. 09-644, 2009 WL 2136785, at *2 (N.D. Cal. July 15, 2009) ("Plaintiff has not alleged that either EdFund or Van Ru contracted with the head of an executive, judicial, or legislative agency, or that Defendants are seeking to recover a debt owed to the United States. Therefore, the Court finds that Plaintiff has not alleged a claim under the DCIA."). There is potentially a cause of action under the DCIA against the Department of Education.

[60] 31 U.S.C. § 3729.

[61] 31 U.S.C. § 3729(a)(1)(G).

[62] 31 U.S.C. § 3730(b). In *Frew v. Van Ru Credit Corp.*, the plaintiff sued under, *inter alia*, the Debt Collection Improvement Act for alleged improper debt collection practices relating to federal student loans. The court remanded her allegations under the Debt Collection Improvement Act to the Department of Education for administrative proceedings and dismissed without prejudice the plaintiff's improper action against the debt collection agency under the DCIA so she might exhaust her administrative remedies. No. 05-5297, 2006 WL 2261624 (E.D. Pa. Aug. 7, 2006).

[63] 15 U.S.C. § 1692.

[64] *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014) (citation omitted); see also 15 U.S.C. § 1692k (civil liability).

[65] 15 U.S.C. 1692a(3) ("The term "consumer" means any natural person obligated or allegedly obligated to pay any debt.").

[66] 15 U.S.C. § 1692a(6).

[67] *See Donohue v. Reg'l Adjustment Bureau, Inc.*, No. CIV.A. 12-1460, 2013 WL 607853 at *4-5 (E.D. Pa. Feb. 19, 2013) (stating a debt collection agency falls squarely within the FDCPA definition of a debt collector); *see also Ganske v. Checkrite, Ltd.*, Nos. 96-541-S, 96-C-743-S, 1997 WL 33810208, *5 (W.D. Wis. Jan. 6, 1997) (stating under the FDCPA a plaintiff can recover from multiple debt collectors on the same debt).

[68] 15 U.S.C. § 1692a(5).

[69] *But see Birdette v. Capitol One Bank (USA), N.A.*, No. 12–11640–F, 2012 WL 8319317 (11th Cir. July 25, 2012) (affirming the dismissal of the complaint of a *pro se* litigant for failure to cite to a specific statutory subsection of the FDCPA).

[70] 15 U.S.C. § 1692g(a).

[71] ECF Doc. No. 53 at ¶¶ 10-27.

[72] 15 U.S.C. 1692k(a).

[73] *Prukala v. Elle*, 11 F. Supp. 3d 443, 447 (M.D. Pa. 2014) (citing *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 497 (3d Cir.2013)).

[74] *See Landau v. Viridian Energy PA LLC*, 223 F.Supp.3d 401, 418 (E.D. Pa. 2016).

[75] *Id.* (citations and quotation marks omitted).

[76] ECF Doc. No. 56 at ¶ 10.

[77] *See Toy v. Metro. Life Ins. Co.*, 928 A.2d 186, 193 (Pa. 2007) (stating the plaintiff must prove justifiable reliance to succeed in a deceptive conduct claim under the UTPCPL).

---

[78] *Weissberger v. Myers*, 90 A.3d 730, 735 (Pa. Super. 2014).

[79] ECF Doc. No. 53 at 7 (using the pagination assigned by the CM/ECF docketing system). We also dismiss a conclusory reference to fraud through the mail: "They also violating [sic] the law when sending fraudulent documents in the mail, as well as misrepresentations to plaintiff and plaintiff's employer."

[80] ECF Doc. No. 53 at 8 (using the pagination assigned by the CM/ECF docketing system).